Burke, J. (concurring).
Although I agree that an affirmance is indicated, I am reluctant to accept the conclusion that the statute’s constitutionality depends upon an ad hoc reinterpretation of CPLR 7511 so as to provide not one, but two, new standards of review. CPLR 7511 and its predecessors have often been construed and its provisions have never been taken to include any concept of ‘ ‘ substantial evidence ” or ‘ ‘ arbitrary and capricious ” action. Furthermore, in the absence of clear-cut-authority indicating that such standards of review are constitutionally mandated when compulsory arbitration is involved, judicial restraint dictates that we defer to the opinion of the Legislature in denying such standards of review; the statute as written is, of course, presumptively constitutional and one who, as here would challenge its constitutionality bears a heavy burden of persuasion. (See Lincoln Bldg. Assoc. v. Barr, 1 N Y 2d 413, 415.) That burden has not been met by this plaintiff and there is, therefore, neither need nor warrant for disturbing the legislation as written.
There are strong reasons for according parties upon whom a forum has been thrust, against their will or at least without their initial consent, a broader scope of judicial review. Although the Legislature’s selection of the limited review provided for *521 by CPLR 7511 may raise a debatable due process question, this court must accept such a legislative judgment unless the party attacking that judgment demonstrates its unconstitutionality beyond a reasonable doubt. (Matter of Van Berkel v. Power, 16 N Y 2d 37, 40; Fenster v. Leary, 20 N Y 2d 309, 314). That burden has not been met in the present case and, accordingly, I agree with Chief Judge Fuld insofar as he concludes that the determinations below, sustaining the constitutionality of the legislation as written, should be affirmed.
Opinion by Judge Breitel. All concur. Chief Judge Fuld in result in an opinion in which Judge Gibsoe concurs and Judge Burke in result in a separate opinion.
Order affirmed.